Alla Gulchina
**Price Law Group, APC**
86 Hudson Street
Hoboken, NJ 07030
T: (818) 600-5566
E: alla@pricelawgroup.com
*Attorney for Plaintiff,*
*Diane St. Clair*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE ST. CLAIR,<br><br>        Plaintiff,<br><br>   v.<br><br>CITIBANK, N.A.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT FOR DAMAGES

Plaintiff, Diane St. Clair ("Plaintiff"), through her attorneys, alleges the following against Citibank, N.A. ("Citibank" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain

unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270 *et seq*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 P.S. § 201-1 *et seq,* which prohibits unfair or deceptive acts or practices.

4. Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

5. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

6. Diversity jurisdiction is proper under 28 U.S.C. § 1332.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Defendants transact business here; personal jurisdiction is established.

## PARTIES

9. Plaintiff is a natural person residing in the County of Somerset, State of Pennsylvania.

10. Plaintiff is a consumer as defined by 73 P.S. § 2270.3.

11. Defendant is a creditor engaged in the business of loan servicing with its head office located at 399 Park Avenue, New York, NY 10022.

12. Defendant engages in the practice of debt collection. Therefore, is a creditor defined by 73 P.S. § 2270.3 and sought to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect a debt from Plaintiff.

14. In or around May 2018, Defendant began placing calls to Plaintiff on her cellular phone number ending in 4909, as well as her residential phone number ending in 6719, in an attempt to collect an alleged debt.

15. The calls placed by Defendant originated from the following phone numbers: (866) 458-7688; (866) 458-7685; (877) 488-3643. Upon information and belief, these telephone numbers are operated by Defendant.

16. On or about May 21, 2018, Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

17. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Citibank account.

18. During the phone call, Plaintiff unequivocally revoked consent to be contacted by telephone.

19. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

20. Between June 3, 2018 and August 22, 2018, Defendant called Plaintiff at least seventy-five (75) times on her cellular telephone.

21. Between June 3, 2018 and August 22, 2018, Defendant called Plaintiff at least seventy-nine (85) times on her home telephone.

22. In total, after Plaintiff requested that Defendant not contact her by telephone, Defendant called Plaintiff at least one hundred and sixty (160) times on her cellular and home telephones between June 3, 2018 and August 22, 2018.

23. Furthermore, Defendant would often call Plaintiff's telephones multiple times a day.

24. For example, Defendant called Plaintiff's telephones a total of eight (8) times on June 28, 2018; a total of six (6) times on July 10, 2018; and a total of five (5) times on 6/29/2018.

25. Defendant's calls not only induced stress, but also anxiety due to the daily incessant calls to her cellular and home telephones.

26. Plaintiff suffers from fibromyalgia, and her symptoms are exacerbated by stress. The constant calls from Defendant caused flare ups which increased the number of shots Plaintiff needed for pain relief.

27. Plaintiff also began taking prescription medication to reduce anxiety, caused by the calls made by Defendant, in attempts to reduce the amount of flare ups.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

> (a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.
>
> (b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic

telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Pennsylvania Fair Credit Extension Uniformity Act 73 P.S. § 2270)**

32. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

33. Defendant violated the FCEUA. Defendant's violation includes, but are not limited to, the following:

(a) Defendant violated FCEUA P.S. 73 § 2270.4(b)(2)(i) which prohibits communication "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer;

(b) Defendant violated FCEUA P.S. § 2270.4(b)(4)(v) which prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number"; and

(c) Defendant violated FCEUA P.S. § 2270.4 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of…Title 15 of the United States Code (Fair Debt Collection Practices Act).

   (i) Defendant violated FCEUA P.S. § 2270.4 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

   (ii) Defendant violated FCEUA P.S. § 2270.4 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

   (iii) Defendant violated FCEUA P.S. § 2270.4 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   (iv) Defendant violated FCEUA P.S. § 2270.4 by violating 15 U.S.C. § 1692c(a)(1) which prohibits communication with the consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the FCEUA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the FCEUA, actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III

**(Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated in herein.

37. Defendant violated the UTPCPL. Defendant's violation includes, but are not limited to the following:

   (a) Defendant violated UTPCPL P.S. § 201-2(4)(xxi) by engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

38. As a result of the foregoing violations of the UTPCPL, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the UTPCPL, actual damages, and attorneys' fees and costs.

## COUNT IV
**Defendant's Invasion of Privacy**
**(Intrusion upon Seclusion)**

39. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

40. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

(a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

(b) Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

(c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Diane St. Clair, respectfully requests judgment be entered against Defendant, Citibank, N.A., for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(b)(3)(C) and 73 P.S. § 2270.5(c);

C. Actual damages pursuant to 73 P.S. § 2270.5(c);

D. Actual and punitive damages resulting from the invasion of privacy;

E. Costs and reasonable attorneys' fees pursuant to 73 P.S. § 201-9.2(a);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

**PRICE LAW GROUP, APC**

Date:  October 14, 2019          By:     /s/Alla Gulchina
                                                 Alla Gulchina (SBN 307014)
                                                 86 Hudson Street
                                                 Hoboken, NJ 07030
                                                 T: (818) 600-5566
                                                 F: (818) 600-5466
                                                 E: alla@pricelawgroup.com